IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DOMINGO MERCEDES MERCEDES | * |
| Petitioner | * |
| vs | * |
| | *   CIVIL NO. 07-1234(CCC) |
| | *   Related No. 04-074(CCC) |
| UNITED STATES OF AMERICA | * |
| Respondent | * |

## OPINION & ORDER

Before the Court is the Motion Pursuant to 28 U.S.C. § 2255 filed by Domingo Mercedes-Mercedes (hereinafter "Petitioner" or "Mercedes") (docket entry 1), the United States' Response (docket entry 9), and Petitioner's Motion Requesting Hearing on Motion to Vacate Sentence (docket entry 11). For the reasons discussed below, the Court finds that there is no need for an evidentiary hearing in order to rule on the § 2255 Petition and that said Petition must be DENIED.

**I. BACKGROUND**

On February 16, 2004, a Criminal Complaint was filed against Petitioner charging him a conspiracy to possess with the intent to distribute approximately 1.44 kilograms of heroin, in violation of 21 U.S.C. § 841(a)(1) and 846 (docket entry 1 in Crim. No. 04-074).[1] On February 18, 2004, a Grand Jury returned a one-count Indictment against Petitioner charging him with unlawfully possessing with intent to distribute one (1) kilogram or more of heroin, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A) (Crim. docket entry 6).

On May 5, 2004, Mercedes filed a motion for change of plea (Crim. docket entry 19). The change of plea hearing was held on May 17, 2004 before then U.S. Magistrate-Judge

---

[1] Hereinafter, references to the docket of the criminal case will be identified as "Crim. docket entry ___." .

CIVIL 07-1234CCC                                              2

Gelpí (Crim. docket entry 25), who recommended on that same date that Petitioner's plea of guilty be accepted (Crim. docket entry 27). On May 24, 2004, the Court entered an order adopting the U.S. Magistrate-Judge's Report and Recommendation and scheduled the sentencing hearing for September 23, 2004 (Crim. docket entry 30). On September 23, 2004, Petitioner's sentencing hearing was held and he was sentenced as to the only count of the Indictment to a term of imprisonment of one hundred and twenty (120) months, a term of supervised release of five (5) years and a special monetary assessment of one hundred dollars ($100.00) (Crim. docket entry 33). Petitioner appealed his sentence, and on November 10, 2005 the Court of Appeals issued an Opinion and Order in which his conviction and sentence were affirmed. United States v. Mercedes-Mercedes ,428 F.3d 355 (1st Cir. 2005). As petitioner timely filed his section 2255 motion, the case is ready for disposition by the Court.

**II. DISCUSSION**

In his Petition under 28 U.S.C. § 2255, Petitioner raises a claim of ineffective assistance of counsel. He alleges that his trial counsel was ineffective because he gave the Court erroneous information as to his criminal history and misled Petitioner to believe that he was eligible for a safety valve reduction. Due to said ineffectiveness, Petitioner contends his plea of guilty was involuntary.

**A. 28 U.S.C. § 2255 standards and exhaustion requirements**

Title 28 U.S.C.§ 2255 allows a federal prisoner to move the court to vacate, set aside, or correct his sentence if one of the following events happens:

1.   the sentence was imposed in violation of the Constitution or laws of the United States . . .
2.   the court was without jurisdiction to impose the sentence
3.    The sentence was in excess of the maximum authorized by law  or...

CIVIL 07-1234CCC                         3

        4.       The sentence is otherwise subject to collateral attack.

When a prisoner files a motion for relief pursuant to section 2255, the court may dismiss the motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief."

It is well settled law that a section 2255 motion is not a substitute for an appeal. Therefore, the defendant must first raise his claims on direct appeal before bringing the claim in a section 2255 motion. United States v. Essig, 10 F.3d 968 (3d Cir 1993). If a defendant fails to preserve his claim on direct appeal a court may not consider the claim in a subsequent section 2255 motion, unless the defendant can establish "cause and prejudice," United States v. Frady, 456 U.S. 152, 167 (1982); or a "fundamental miscarriage of justice." Murray v. Carrier, 477 U.S. 478, 496 (1986). The exception to this dogma of the exhaustion requirement is the allegation of ineffective assistance of counsel which may be brought for the first time in a section 2255 motion.

**B.**    **Claim of Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, a defendant must show that:

        1.       His attorney's performance was deficient, and

        2.       The deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

In order to establish deficiency, a defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland 466 U.S. at 688. Under Strickland counsel is presumed to have acted within the range of "reasonable professional assistance," and it is defendant who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689. To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

CIVIL 07-1234CCC                                        4

probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

It is pellucidly clear that Petitioner was obligated to show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted from it. Strickland, 466 U.S. at 687. See also López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990). He must do this as to each particular instance in which he claims ineffective assistance of counsel. Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide. See Strickland, 466 U.S. at 689. Therefore, the Supreme Court has stated that, "judicial scrutiny of counsel's performance must be highly deferential." See Strickland, 466 U.S. at 689.

**Voluntary Guilty Plea**

In Hill v. Lockhart, 474 U.S. 42, 58 (1985), the Supreme Court held that a claim that the ineffective assistance of counsel rendered a plea not voluntary and intelligent must be evaluated under the general test for ineffective assistance set forth in Strickland. A review of the record here does not support Petitioner's allegation that his trial counsel was ineffective by providing the Court erroneous information as to his criminal history and also misleading him to believe that he was eligible for a safety valve reduction. Mercedes' claim of ineffectiveness boils down to an imputation that his trial counsel did not properly investigate his criminal history prior to the change of plea hearing. However, one must ask the question who misinformed who? Exhibit one (1) of docket entry 9 is a letter from Mercedes' trial counsel to the Assistant United States Attorney handling the case. In said letter Petitioner's counsel states "In recent days, Probation Officer Katherine Valentin advised me that defendant Mercedes has a prior conviction for violation of 8 U.S.C. Sec. 1324. This information was unknown to me. My subsequent investigation on this matter shows that

CIVIL 07-1234CCC                                          5

Mercedes was indeed charged in Criminal Case 01-135(JAF), under the name Domingo Mercedes-Santana...." <u>See</u> Exhibit 1of D.E. 9. The letter goes on to inform that the information was not available to him through the Pre Trial Service Report because at the time the Report was made the NCIC system was not working and prior records were not accessible. Petitioner's counsel also expresses in the letter that "... this information was not provided in discovery, and <u>the defendant for reasons I still don't know failed to disclose it</u>." (Emphasis ours.) From the letter it is clear that Petitioner's trial counsel was taken by surprise when informed by the U.S. Probation Officer that his client not only had a prior criminal record but also had used a different name.

Nowhere in the record does it appear that either the government or Petitioner's counsel were aware of Mercedes' true name or his prior criminal conduct. The record is quite clear that this information came to light as a result of the Pre-Sentence Report, although defendant obviously was privy to that information and failed to disclose it to his attorney prior to the change of plea hearing. "Clients should answer truthfully their attorney's inquiries about their past convictions, and lawyers are entitled to rely reasonably on the explicit representations of clients about their criminal histories." <u>United States v. Colón-Torres</u>, 382 F.3d 76,86 (1st Cir. 2004), <u>see also</u> <u>Strickland</u> 466 U.S. at 691. As the Court of Appeals stated when it dismissed Petitioner's appeal:

> ...it is readily apparent that the fault-if there was one-lies not with what others said but with the appellant himself. For whatever reason, he was not forthcoming when the magistrate judge questioned him directly about his criminal history. ... '[t]he appellant was in a far better position [than the attorney] ... to supply the missing integer in the sentencing equation: his prior criminal record.'

<u>United States v. Mercedes-Mercedes</u> 428 F.3d 355, 360 (1st Cir. 2005), citing <u>United States v. Torres-Rosa</u>, 209 F.3d 4,10 (1st Cir. 2000).

A review of the transcript of the Change of Plea Hearing reveals that Petitioner was less than truthful not only with his attorney but with the Court as well.

CIVIL 07-1234CCC                              6

>THE MAGISTRATE: Okay, have you been able to discuss the sentencing guidelines with your attorney?
>
>MR. MERCEDES: Yes.
>
>THE MAGISTRATE: Okay, in this case because you are treated as a minor participant, pursuant to guideline 2D1.1(a)(3), you begin with an offense level of 30 because you accept responsibility there is a three level decrease, also because you are a minor participant there's a further two level decrease, and should you comply with the safety valve your offense level could be further decreased two levels. Also you would not be subject to any mandatory minimum. So, you would be subject to a total offense level adjusted against level 23, a sentencing range of 46 to 57 months. If you do not comply with safety valve, you have to be sentenced to 120 months, that's ten years, do you understand?
>
>MR. MERCEDES: Yes.
>
>THE MAGISTRATE: Okay, now to qualify for the safety valve, you can have no more than one criminal history point, prior criminal history. You cannot have employed violence or threats of violence or possessed firearms and dangerous weapons in connection with the offense. The offense did not result on death or serious bodily injury to anyone and you are not an organizer, leader or manager and more important, prior to the time of sentencing you truthfully provided to the United States government of all information or evidence you have concerning this offense or any other offenses which were part of the same course or common scheme or plan. Do you understand those conditions that has to be met for safety valve to apply?
>
>MR. MERCEDES: Yes, I understand.
>
>THE MAGISTRATE: Okay, Mr. Henwood, I understand that conditions number two, three and four have been met already, correct?
>
>AUSA HENWOOD: That's correct, Your Honor.
>
>THE MAGISTRATE: Okay, and as to prior criminal history, I understand at this time you don't have any criminal history and that's what it appears to be, correct Mr. Vázquez?
>
>ATTORNEY VÁZQUEZ: Yes, Your Honor.

(C.O.P. Tr. 5/17/04, pages 12-14).

The Magistrate-Judge went into great detail explaining to Petitioner his guideline calculations as stipulated in the plea agreement. The Magistrate-Judge further informed Mercedes of the requirements he had to meet in order to be eligible for a safety valve reduction, including the limitations on his prior criminal history. At no time did Petitioner

CIVIL 07-1234CCC 7

inform the Court of his prior conviction nor did he stop his counsel from stating what counsel then thought to be a correct criminal record. It appears that Petitioner tried, unsuccessfully, to pull the wool over his counsel and the Court's eyes.

A further review of the transcript indicates that Petitioner informed the Court that he understood all the terms and conditions of the plea agreement.

> THE MAGISTRATE: Okay, have you had an opportunity to review and discuss the plea agreement with Mr. Vázquez, your attorney, prior to today?
>
> MR. MERCEDES: Yes, we spoke about it.
>
> THE MAGISTRATE: Okay, at this time do you need any more time to discuss this plea agreement? Do you need additional time to discuss the plea agreement with Mr. Vázquez?
>
> MR. MERCEDES: No, very well.
>
> THE MAGISTRATE: Okay, I also want to ask, Mr. Vázquez, have you been able to fully translate and discuss all the terms of conditions of the plea agreement with Mr. Mercedes?
>
> ATTORNEY VÁZQUEZ: Yes, your Honor, Mr. Mercedes and I met last Friday, this case was set for last Friday originally–
>
> THE MAGISTRATE: And he was present in my courtroom and you met with him.
>
> ATTORNEY VÁZQUEZ: Before that we met at the cell block and we reviewed the plea agreement itself and I translated it to him and discussed the same with him and he understood my explanation as to the content of the agreement.
>
> THE MAGISTRATE: Okay, now, Mr. Mercedes, do you agree with what your counsel has stated?
>
> MR. MERCEDES: Yes.

(C.O.P. Tr. 5/17/04, pages 6-8).

Despite stating for the record that he had in fact discussed and understood the terms and conditions of his plea agreement and that he needed no further discussions with his attorney about the same, Petitioner failed to disclose that he might not be able to qualify for the safety valve reduction because he had a prior conviction under a different name. "[I]t is simply not plausible that he somehow 'forgot' his [prior] conviction[ ]." United States v. Torres-

CIVIL 07-1234CCC                                    8

Rosa, 209 F.3d 4, 8-9 (1st Cir. 2000).

     Finally, a review of the Plea Agreement itself signed by Petitioner states in paragraph seven (7): "Notwithstanding the above calculations, should defendant not meet the criteria set forth in U.S.S.G. § 5C1.2, he shall be sentenced to a term of one-hundred and twenty months." Paragraph eight (8) states: "The United States, however, does not enter into a stipulation regarding defendant's Criminal History Category." (Crim. docket entry 24, at page 4). Clearly, Petitioner was well aware of the consequences of not qualifying for a safety valve adjustment, and was well aware that his criminal history was still to be determined.

     When all is said and done, it is evident that Petitioner withheld information he knew would affect his sentence in the hopes of obtaining a lower sentence. He cannot now shift the blame of what his omissions entailed to his attorney in an attempt to configure an ineffective assistance of counsel claim. Having established that Petitioner's claim of ineffective assistance of counsel is meritless, the same is hereby DENIED.

### III. CONCLUSION

     For the reasons stated, the Court concludes that Petitioner Domingo Mercedes-Mercedes is not entitled to relief on the claims presented. Accordingly, it is ORDERED that his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (docket entry 1) and his Motion Requesting Hearing on Motion to Vacate (docket entry 11) be DENIED. Judgment shall be entered DISMISSING this action.

     SO ORDERED.

     At San Juan, Puerto Rico, on July 20, 2009.


                                                   S/CARMEN CONSUELO CEREZO
                                                   UNITED STATES DISTRICT JUDGE